# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: <br><br> PATRICIA and DAVID HOMEDEW <br><br> PLAINTIFF(S), <br><br> v. <br><br> HOWMEDICA OSTEONICS CORP. <br><br> DEFENDANT. | MDL No. 17-md-2768-IT <br><br><br> **SHORT FORM COMPLAINT AND JURY DEMAND** |

1. Plaintiff(s), PATRICIA and DAVID HOMEDEW, state(s) and bring(s) this civil action in MDL No. 2768, entitled *In Re: Stryker LFIT V40 Femoral Head Products Liability Litigation*. Plaintiffs are filing this Short Form Complaint as permitted by this Court's Amended Case Management Order #2, dated October 23, 2017.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, PATRICIA HOMEDEW is a resident and citizen of the State of Utah and claims damages as set forth below.

3. Plaintiff's Spouse, DAVID HOMEDEW, is a resident and citizen of the State of Utah and claims damages as set forth below. *[Cross out Spousal Claim if not applicable.]*

4. Venue of this case is appropriate in the United States District Court,

District of Utah. Plaintiff states that but for the Order permitting directly filing into the District of Massachusetts pursuant to Amended Case Management Order #2, Plaintiff would have filed in the United States District Court, District of Utah. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5. Plaintiff brings this action *[check the applicable designation]*:

   _xxx_        On behalf of ~~himself~~/herself;

   _____        ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~ *~~[Cross out if not applicable.]~~*

### **FACTUAL ALLEGATIONS**

<u>Allegations as to **Right-Side** Implant/Explant Surgery(ies):</u> *[Cross out if not applicable]*

6. ~~Plaintiff was implanted with an LFIT Anatomic CoCr V40 Femoral Head on his/her right hip on or about _____ (date), at the _____ (medical center and address), in _____, by Dr. _____.~~ *~~[Cross out if not applicable.]~~*

7. ~~Plaintiff was implanted with the following femoral stem during the _____ (date) surgery:~~

2

~~_____ Accolade TMZF~~

~~_____ Accolade II~~

~~_____ Other _____ (Femoral Stem)~~

~~8. Plaintiff had the femoral head at issue explanted on _____, at _____ (medical center and address) by Dr. _____. *[Cross out if not applicable.]*~~

~~9. Plaintiff will have the femoral head at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____. *[Cross out if not applicable.]*~~

~~10. Plaintiff has not yet scheduled a surgery for explantation of the femoral head at issue. *[Cross out if not applicable.]*~~

Allegations as to **Left-Side** Implant/Explant Surgery(ies):  *[Cross out if not applicable]*

11. Plaintiff was implanted with a LFIT Anatomic CoCr V40 Femoral Head on ~~his~~/her left hip on or about December 10, 2012 (date), at the Salt Lake Regional Medical Center (medical center and address), in Salt Lake City, Utah by Dr. Jeremy McCandless, M.D.*[Cross out if not applicable.]*

12. Plaintiff was implanted with the following femoral stem during the December 10, 2012 (date) surgery:

_____  Accolade TMZF

_____  Accolade II

xxx    Other Restoration Modular Hip Stem (Femoral Stem)

13. Plaintiff had the left femoral head at issue explanted on July 26, 2017 at Salt

3

Lake Regional Medical Center (medical center and address) by Dr. Jordan Schaeffer, M.D. *[Cross out if not applicable.]*

14. ~~Plaintiff will have the left femoral at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____. [Cross out if not applicable.]~~

15. ~~Plaintiff has not yet scheduled a surgery for explantation of the left hip implant at issue.~~ *[Cross out if not applicable.]*

## ALLEGATIONS AS TO INJURIES

14. (a) Plaintiff claims damages as a result of (check all that are applicable):

| | |
|---|---|
| xxx | INJURY TO HERSELF/HIMSELF |
| ____ | INJURY TO THE PERSON REPRESENTED |
| ____ | WRONGFUL DEATH |
| ____ | SURVIVORSHIP ACTION |
| xxx | ECONOMIC LOSS |

(b) Plaintiff's spouse claims damages as a result of (check all that are applicable): *[Cross out if not applicable.]*

| | |
|---|---|
| ____ | LOSS OF SERVICES |
| xxx | LOSS OF CONSORTIUM |

15. Plaintiff has suffered injuries as a result of implantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

4

16. Plaintiff has suffered injuries as a result of the explantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein. *[Cross out if not applicable.]*

17. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

18. Plaintiff(s) could not have known that the injuries he/she suffered were as a result of a defect in the Device(s) at issue until after the date the Device was recalled from the market and the Plaintiff(s) came to learn of the recall.

19. In addition, Plaintiff could not have known that he/she was injured by excessive levels of chromium and cobalt until after the date he/she had his/her blood drawn and he/she was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device(s) at issue.

## CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

20. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

| | |
|---|---|
| xxx | COUNT I - NEGLIGENCE; |
| xxx | COUNT II - NEGLIGENCE PER SE; |
| xxx | COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN; |
| xxx | COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT; |

5

| | |
|---|---|
| <u>xxx</u> | COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN; |
| <u>xxx</u> | COUNT VI - BREACH OF EXPRESS WARRANTY; |
| <u>xxx</u> | COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY; |
| <u>xxx</u> | COUNT VIII - BREACH OF IMPLIED WARRANTIES; |
| _____ | COUNT IX - VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT |
| <u>xxx</u> | COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW; |
| <u>xxx</u> | COUNT XI - NEGLIGENT MISREPRESENTATION |
| <u>xxx</u> | COUNT XII - LOSS OF CONSORTIUM |
| _____ | COUNT XIII – UNJUST ENRICHMENT |
| _____ | COUNT XIV – WRONGFUL DEATH |
| <u>xxx</u> | COUNT XV- PUNITIVE DAMAGES |

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

_____

_____

_____

_____

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Date: 6/18/2019

Respectfully submitted,

*/s/ Nancy A. Mismash*

BY:   Nancy A. Mismash
ROBERT DEBRY & ASSOCIATES
4252 South 700 East
Salt Lake City, Utah 84107
Telephone:   (801) 262-8915
nmismash@robertdebry.com